NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3115

RUBY M. GREENE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: May 8, 2006

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Ruby M. Greene seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing her Individual Right of Action (IRA) appeal. Greene v. Dep't of Veterans Affairs, No. AT1221050752-W-1 (Merit Sys. Prot. Bd. Nov. 21, 2005). We affirm.

I

Ms. Greene filed a complaint with the Office of Special Counsel (OSC) concerning her placement on leave without pay and other alleged adverse actions by

her employer, the Department of Veterans Affairs. She alleged that these adverse actions were taken in reprisal for her whistleblowing disclosures.

OSC notified Ms. Greene by letter dated April 13, 2005, that it was terminating its inquiry into her allegations and that she was entitled to challenge OSC's termination by filing an appeal to the Board within 65 days of the date of the letter. Under statute, such appeals must be filed with the Board no more than 60 days after notification of the termination of the investigation. See 5 U.S.C. § 1214(a)(3)(A) (2000). The Board's regulations interpret this statute to allow five days mailing time. Thus, an appeal must be filed within 65 days of the issuance of the notification letter. See 5 C.F.R § 1209.5(a)(1) (2005). If an appellant can show that the notification letter was received more than five days after its issuance, the appellant must file her appeal within 60 days of the receipt of the notification. Id. As Ms. Greene did not claim to have received the letter more than five days after its issuance, she was bound to file her appeal within 65 days from the date of the April 13 letter. Ms. Greene filed an appeal with the Board on June 29, 2005, twelve days after the filing deadline.

Ms. Greene's cover letter for her appeal notice recognized the lateness of the appeal, which she sought to excuse due to her nervous condition and the need to wait for someone to assist her in filing the appeal. She further explained that she had been depressed and had misunderstood the 65-day filing limit.

The administrative judge dismissed Ms. Greene's appeal on the ground that it was untimely, citing Board precedent holding that the 65-day time limit is statutory and cannot be waived by the Board. See 5 U.S.C. § 1214(a)(3)(A); 5 C.F.R § 1209.5(a)(1); Goode v. Dep't of the Navy, 93 M.S.P.R. 122, 124 (2002). The Board declined

Ms. Greene's petition for review of the initial decision of the administrative judge, and Ms. Greene timely sought review in this court of the Board's final decision.

II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). When the Board's final decision rests on findings of fact, we are bound by facts supported by substantial evidence.

In her petition to this court, Ms. Greene does not dispute the facts underlying the Board's conclusion that her IRA appeal was untimely. Ms. Greene's arguments in her brief that she should prevail on the merits of her whistleblower claim are not pertinent to the issue of whether her appeal was timely. We address only the timeliness issue.

The Board has correctly stated its law, namely that the 65-day time limit for filing of an IRA appeal to the Board cannot be waived. On that ground, there is no error in the Board's final judgment.

Even if the 65-day time limit were subject to equitable tolling under Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990), a matter that has not been decided by the Board and need not be decided in this appeal, the facts of this case would not qualify Ms. Greene for relief under the doctrine of equitable tolling. This is so because the Supreme Court has emphasized that equitable tolling is not available where the facts fail to show some effort by the appellant to meet the filing deadline (by, for example, filing a defective pleading, or seeking relief from the time limit before it expires, stating reasons for inability to meet the deadline), or some act by the appellant's adversary inducing or tricking the appellant into missing the deadline. No such allegations are

made in this case. Consequently, even if equitable tolling were applicable to this case, on the facts, Ms. Greene would have no entitlement to file her appeal out of time. We therefore affirm the final decision of the Board.